IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADARRAH W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-00951-K-BT |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Ladarrah W.'s[1] civil action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a final adverse decision by the Commissioner of Social Security (ECF No. 1). The District Court referred the case to the United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the Magistrate Judge recommends that the District Court REVERSE the Commissioner's decision and REMAND the case to the Commissioner.

## Background

Plaintiff alleges that she is disabled due to a variety of impairments, including migraines, knee pain, arthritis in her back, ringing in her ears,

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

depression, anxiety, and panic disorders. Admin. R. 249 (ECF No. 14-1).[2] Plaintiff was born in 1982, and she alleges that she has been disabled since July 1, 2019. Admin. R. 91, 229. Plaintiff has more than a high school education and past relevant work experience as a contact representative, a nursing assistant, and a physician's assistant. Admin. R. 91, 250.

Plaintiff applied for disability insurance benefits on June 24, 2020. Admin. R. 229-30. Her claim was denied initially and on reconsideration. Admin. R. 141, 159. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who conducted a telephonic administrative hearing on December 9, 2021.[3] Admin. R. 82, 99-122.

The ALJ found Plaintiff was not disabled and thus not entitled to disability benefits. Admin. R. 93. Utilizing the five-step sequential evaluation,[4] the ALJ first

---

[2] Citations to the record refer to the CM/ECF page number at the top of each page rather than page numbers at the bottom of each filing.

[3] Because of the extraordinary circumstances presented by the COVID-19 pandemic, the ALJ was unable to conduct the hearing by video.

[4] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d

found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, July 1, 2019. Admin. R. 84. At the second step, the ALJ noted that Plaintiff suffers from migraines, bilateral knee pain, degenerative disc disease, osteoarthritis, GERD, obesity, and anxiety, and that those impairments are "severe." Admin. R. 84. At the third step, he determined that Plaintiff's severe impairments do not meet or medically equal any listed impairment in appendix 1 of the social security regulations. Admin. R. 87.

Before proceeding to the fourth step, the ALJ found that Plaintiff retained the residual functional capacity (RFC)

> to perform sedentary work as defined in 20 CFR [§]404.1567(a), except she can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently (push/pull as much as she can lift/carry). She can operate foot controls with the left and right foot occasionally. She can occasionally reach overhead to the left and right. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds and balance. She is able to perform simple, routine, and repetitive tasks but not at a production rate pace (e.g. assembly line work). She is able to interact occasionally with supervisors, coworkers, and the public. She is able to tolerate few changes in a routine work setting.

Admin. R. 88.

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. Admin. R. 91. Finally, at step five, after considering the testimony of a vocational expert (VE), the ALJ found that jobs exist in the national economy which Plaintiff could perform. Admin. R. 107-08. Therefore, the ALJ

---

55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

found that Plaintiff was not disabled under the Social Security Act and not entitled to benefits. Admin. R. 108.

Plaintiff appealed the ALJ's decision to the Appeals Council. Admin. R. 6. The Appeals Council found that the appeal did not provide a basis for modifying the ALJ's decision. Admin. R. 5-12. Plaintiff then filed this action in federal district court.

In her brief, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and is the product of legal error because (1) the ALJ failed to address the medical opinion of Physician Assistant (PA) Daniel McIntyre—who performed a "Compensation and Pension Orthopedic Exam" for the Veterans Administration—in violation of 20 C.F.R. § 404.1520c; and (2) the ALJ failed to resolve the conflict identified by the VE at the hearing, whether by VE testimony or by an explanation in the decision. Pl.'s Br. 13-19 (ECF No. 18). Because remand is appropriate on the grounds presented in Plaintiff's first argument, the Court pretermits discussion of Plaintiff's remaining arguments.

## Legal Standard

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance.").

The ALJ, and not the courts, resolves conflicts in the evidence; the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923. If the Commissioner's findings are supported by substantial evidence, the findings are conclusive, and the Commissioner's decision must be affirmed. *Martinez*, 64 F.3d at 173. A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [ALJ's] findings." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)), *adopted by* 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Id.* (quoting *Martin*, 748 F.2d at 1031). A no-substantial-evidence finding is appropriate only if there is a "conspicuous

absence of credible choices" or "no contrary medical evidence." *Id.* (citation omitted).

## Analysis

Plaintiff urges reversal because the ALJ did not consider a medical opinion based on an orthopedic exam PA McIntyre performed on March 8, 2019. Pl.'s Br. 13. In response, the Commissioner argues that the ALJ was not required to address PA McIntyre's opinion because McIntyre's evaluation predates the disability period at issue in this appeal (which runs from July 1, 2019) and, alternatively, any error was harmless. Def.'s Br. 4-5 (ECF No. 19).

An ALJ's RFC analysis determines the most that a person can still do despite recognized limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is a "combined medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hill,* 2020 WL 6370168, at *3 (cleaned up) (quoting *Hollis v. Bowen,* 837 F. 2d 1378, 1386-87 (5th Cir. 1988)). It "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). An individual's RFC should be based on all the relevant evidence in the case record, including opinions submitted by medical sources. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p, *supra*.

Under the current regulations, an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior

administrative medical finding(s)." *20 C.F.R. § 404.1520c(a)*; *Webster v. Kijakazi*, *19 F.4th 715, 719 (5th Cir. 2021)* ("ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past."). However, the ALJ must consider all "medical opinions" for their "persuasiveness" using the factors outlined in the rule. *20 C.F.R. § 404.1520c(a)*. These factors include supportability, consistency, relationship with the claimant, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, examining relationship, specialization, and other factors such as whether the medical source has familiarity with the other evidence in the claim. *Id. § 404.1520c(c)*. The most important factors are supportability and consistency. *Id.*

The ALJ also must "articulate in [his] decision how persuasive [he] finds all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." *Id. § 404.1520c(b)*. Further, the ALJ must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id. § 404.1520c(b)(2)*. He may, but need not, explain how he considered the remaining factors. *Id.* An ALJ commits legal error when he fails to address or even mention a medical opinion in the record without explanation. *Kneeland v. Berryhill*, *850 F.3d 749, 759 (5th Cir. 2017)*; *see also Webster*, *19 F.4th at 718* ("An ALJ usually cannot reject a medical opinion without some explanation."); *Amanda J. v. Saul*, *2020 WL 4697880, at \*3 (N.D. Tex. Aug. 13, 2020)* (Boyle, J.) ("[A]n ALJ commits error when he fails to

address or mention a medical opinion—irrespective of whether the ALJ could have rejected it.").

Here, Plaintiff, a veteran, alleges that she injured her back while lifting patients as a U.S. Navy hospital corpsman. Admin. R. 1560, 1728. Record medical evidence exists that she has complained of chronic lower back pain since at least 2005, when she was on active military duty. Admin. R. 495. On March 8, 2019, approximately four months prior to her alleged disability onset date, PA McIntyre performed an orthopedic exam for the VA and provided a medical opinion in a disability benefits questionnaire.[5] Admin. R. 411-15. Specifically, PA McIntyre opined that Plaintiff's back impairments had an impact on her ability to work and that her impairments "limited prolonged sitting/standing/twisting/pulling." Admin. R. 415. PA McIntyre rated Plaintiff's pain as 4-10/10 and opined that it was made worse with standing/sitting/walking/pulling or lifting more than 15 pounds. Admin. R. 411. The ALJ rejected PA McIntyre's medical opinion and found Plaintiff had the RFC for sedentary work, Admin. R. 88, which involves sitting "approximately 6 hours of an 8-hour workday," SSR 96-9p, 1996 WL 374185, at *3 (1996); 20 C.F.R. § 404.1567(a).

The ALJ either rejected PA McIntyre's medical opinion without explanation, or he gave it no consideration. Indeed, the ALJ fails to mention PA McIntyre's medical opinion at all, even though it is listed as evidence of record in the written

---

[5] Under the current regulations, a PA is an "acceptable medical source" who may provide a medical opinion. 20 C.F.R. § 404.1502.

opinion's appendix. *See* Admin. R. 96. As noted above, this is error. The social security regulations require an ALJ to "articulate . . . how persuasive [he] find[s] all of the medical opinions . . . in [the claimant's] case record." 20 C.F.R. § 404.1520c; *see also Wallace v. Kijakazi*, 2023 WL 2795854, at *8 (N.D. Tex. Mar. 20, 2023) ("Every medical opinion is evaluated regardless of its source[.]"), *adopted by* 2023 WL 2801207 (N.D. Tex. Apr. 5, 2023) (Starr, J.). Moreover, the ALJ cannot reject any medical opinion of record "without an explanation." *Kneeland*, 850 F.3d at 761.

The Commissioner argues that the ALJ was not required to address PA McIntyre's medical opinions because his March 8, 2019 evaluation predates the disability period at issue in this appeal (which runs from July 1, 2019) and, alternatively, any error was harmless. Def.'s Br. 4-5. The Court rejects the Commissioner's arguments.

Section 404.1520c's "command is not temporally limited—the ALJ must articulate 'how persuasive' he finds 'all of the medical opinions' in the case record." *Shedrick M. v. Kijakazi*, 2022 WL 4134786, at *3 (N.D. Tex. Aug. 18, 2022) (Rutherford, J.) (quoting 20 C.F.R. § 404.1520c), *adopted by* 2022 WL 4133308 (N.D. Tex. Sept. 12, 2022) (Lynn, J.). That is, "an ALJ is required to consider *all medical opinions* in the record [and] [t]he regulations do not provide any exception to that requirement for relevant opinions that pre-date a claimant's onset date." *Morris v. Kijakazi*, 2022 WL 10177703, at *5 (N.D. Tex. Sept. 29, 2022) (emphasis in original) (citations omitted), *adopted by* 2022 WL 10198818

(N.D. Tex. Oct. 17, 2022) (O'Connor, J.); *see also Knapp v. Saul*, 2020 WL 3516130, at *6 (N.D. Tex. June 12, 2020) (finding that ALJ erred in failing to discuss medical opinion that predated alleged onset date of disability because ALJ must consider all medical opinions in the record), *adopted by* 2020 WL 3510732 (N.D. Tex. June 29, 2020) (O'Connor, J.).

Moreover, "even if the Court can intuit [the ALJ's] reasons for discrediting [PA McIntyre's] opinion, it must remand the case so the ALJ can make explicit that which is currently implicit in [his] findings." *Guy v. Comm'r of Soc. Sec. Admin.*, 2022 WL 1008039, at *5 (N.D. Tex. Mar. 14, 2022) (citation omitted), *adopted by* 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022) (O'Connor, J.). Accordingly, because PA McIntyre's medical opinion was in the case record, it was error for the ALJ not to articulate in his decision how persuasive he found it, much less for him to reject it without an explanation or ignore it.

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party are affected," Plaintiff must show she was prejudiced by the ALJ's failure to explain his consideration of PA McIntyre's opinion. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). In other words, Plaintiff must demonstrate that the ALJ's error was not harmless. "In the Fifth Circuit, harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 944 (N.D. Tex. 2015) (Ramirez, J.).

The Commissioner contends that the ALJ's failure to consider PA McIntyre's medical opinion was harmless because "it appears that PA McIntyre did not quantify the number of hours Plaintiff could sit, stand, twist or pull, meaning that his restrictions could still fit within the definition of sedentary work that the ALJ found Plaintiff capable of performing." Def.'s Br. 4-5. The Court disagrees.

The ALJ found Plaintiff capable of the full sitting requirements of sedentary work. *See* Admin. R. 88. As noted, sedentary work requires an individual to sit for approximately six hours in an eight-hour workday. *See* SSR 96-9p, 1996 WL 374185, at *3 (1996). PA McIntyre stated in his opinion that Plaintiff was limited in that she could not sit for "prolonged" periods of time. Admin. R. 415. The Court concludes that it is not "inconceivable" that the ALJ would have reached a different conclusion had he considered PA McIntyre's medical opinion. Had the ALJ considered PA McIntyre's opinion, he may have included different limitations in his RFC determination or found her unable to do sedentary work.

Whether the ALJ rejected PA McIntyre's medical opinion without explanation, or he failed to consider it at all, his "root error was failing to address—or even mention—[PA McIntyre's] opinion in his decision." *Kneeland*, 850 F.3d at 761. Remand is appropriate for consideration of PA McIntyre's opinion in the first instance. Or, even if the ALJ considered PA McIntyre's medical opinion and rejected it, remand is appropriate for an explanation of why he rejected that opinion. *Id.* Unless the ALJ explains why he rejected PA McIntyre's medical opinion, the Court can never determine whether he applied correct legal standards

and reached a decision substantial evidence supports. Accordingly, because the Court cannot meaningfully review the ALJ's decision without an explanation for his rejection of PA McIntyre's medical opinion, this case should be remanded for further proceedings after which the ALJ may provide this mandatory explanation.

And because remand is appropriate on the grounds presented in Plaintiff's first argument, the Court pretermits discussion of Plaintiff's remaining arguments. Plaintiff can raise these arguments before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## Recommendation

For these reasons, the Magistrate Judge recommends that the District Court REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further proceedings.

**SO RECOMMENDED.**

July 20, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

12

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).