IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADARRAH W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-00951-K-BT |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Notice of Motion and Motion for Approval of Attorney

Fees Under 42 U.S.C. § 406(b) (ECF No. 27), filed by Plaintiff's counsel Ida M.

Comerford. Through her motion, counsel seeks an award of $35,417.68 in

attorney's fees under 42 U.S.C. § 406(b). Although the Commissioner filed a

response (ECF No. 30) to the motion, he declined to take a position on the

reasonableness of the request. Thus, for the reasons set forth below, the District

Judge should GRANT the motion.

## *Background*

On July 20, 2023, the undersigned entered Findings, Conclusions, and a

Recommendation (FCR) recommending that the Court reverse the

Commissioner's decision and remand the case for further administrative

proceedings. *See generally* FCR (ECF No. 22). On August 10, 2023, the Court entered its order reversing and remanding the case. *See* Order (ECF No. 23).

On November 6, 2023, the Court granted counsel's request for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and ordered that fees in the amount of $8,325.22 be awarded to Plaintiff. Order at 2 (ECF No. 26).

On May 28, 2025, counsel filed her motion for § 406(b) attorney's fees and provided: an affirmation regarding her legal background and history; Notices of Award from the Social Security Administration (SSA) on behalf of Plaintiff Ladarrah W. and her child Ori W.;[1] the contingent fee contract entered into with Plaintiff on March 28, 2022; the August 7, 2024, decision from an Administrative Law Judge granting Plaintiff disability insurance benefits; an itemization of time expended; and an article addressing Social Security disability decision data. Mot., Exs. A–F (ECF Nos. 27-3, 27-4, 27-5, 27-6, 27-7, 27-8); Affirmation of Ida M. Comerford (ECF No. 27-2).

The Notices of Award reveal that Plaintiff ultimately received a favorable decision from the SSA at the administrative level on behalf of herself and her child. Mot., Exs. A–B (ECF Nos. 27-3, 27-4). The SSA awarded Plaintiff a total of

---

[1] The Court uses only Plaintiff's and her child's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

$92,709.70 in past-due benefits for the period of December 2019 through November 2024. *See* Mot., Ex. A at 3 (ECF No. 27-3). The Notice advises Plaintiff that the amount of $23,177.43 has been withheld for payment of authorized attorney's fees. *Id*. Additionally, on March 29, 2025, the SSA awarded $48,961.00 in past-due auxiliary benefits to Plaintiff on behalf of her child Ori W., for whom Plaintiff is the representative payee. Mot., Ex. B. at 2 (ECF No. 27-4). In total, Plaintiff was awarded $141,670.70 in past-due benefits.

Plaintiff's counsel now requests an award of attorney's fees in the amount of $35,417.68, which represents 25% of Plaintiff's past-due benefits, pursuant to a contingency fee agreement. Mot. at 2 (ECF No. 27-1); *see also* Mot., Ex. D (ECF No. 27-6) (contingency fee agreement).

### *Legal Standards and Analysis*

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action. Section 406(a) allows an attorney to receive fees '[f]or representation of a benefits claimant at the administrative level.'" *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b), on the other hand, "governs the award and collection of fees by attorneys for the representation of claimants in court." *Id.* at 788. Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an attorney,
> the court may determine and allow as part of its judgment a

> reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Section 406(b) authorizes an award of fees after the attorney has obtained "a favorable decision on remand." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (citations omitted).

Contingent-fee agreements are common in Social Security cases. *See Gisbrecht*, 535 U.S. at 800 (observing that contingent-fee arrangements "are the most common fee arrangement between attorneys and Social Security claimants"). But judicial review acts as an "independent check" on any award of attorney's fees under § 406(b), including contingent-fee agreements, to ensure that the award is reasonable and in compliance with § 406. *Id.* at 807. The attorney seeking fees has the ultimate burden to show that, "[w]ithin the 25 percent boundary . . . the fee sought is reasonable for the services rendered." *Id.* Although the Fifth Circuit has declined to limit "consideration of what constitutes a windfall to some exhaustive list," it has stated that such consideration "is not a simple reiteration of the lodestar method," and has recognized several factors that the courts have considered, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (citation omitted).

Counsel seeks court approval for a fee payment of $35,417.68, which is being withheld from Plaintiff and her child's disability insurance benefits. Mot. at 2 (ECF

No. 27-1). As reflected in the itemization of services rendered, counsel expended 34.3 hours on this case in this Court. Mot., Ex. E (ECF No. 27-7). Counsel acknowledges that the de facto hourly rate for the requested fee would be approximately $1,032.58. Mot. at 9 (ECF No. 27-1). But counsel contends that this de facto rate and requested fee amount is not unreasonable, given the $141,670.70 in benefits obtained for Plaintiff and the inherent risks associated with contingency agreements. *Id.* at 9–10. Additionally, counsel points out that Plaintiff agreed to an attorney fee of 25% of any past-due benefits in the fee agreement signed on March 28, 2022. Affirmation of Ida M. Comerford at 5, ¶ 23 (ECF No. 27-2). Counsel recognizes that this Court previously awarded fees of $8,325.22 under the EAJA and that she is obligated to reimburse Plaintiff for the lesser amount of fees awarded through the instant motion and the EAJA. Mot. Not. at 1 (ECF No. 27).

After reviewing the motion, its attachments, the SSA's response, and applicable law, including the various factors recognized in *Jeter*, the Court finds that (1) counsel had a substantial risk of loss in bringing Plaintiff's Social Security appeal to federal court; (2) counsel spent 34.3 hours briefing the issues in this case; (3) counsel has over 15 years of experience in Social Security matters; (4) the value of the case to Plaintiff was significant because the SSA determined that she is disabled and has been since July 1, 2019, which resulted in a substantial award of past-due benefits; (5) the existence of a contingent-fee agreement reflects that Plaintiff consents to the fees; (6) the degree of difficulty of the issues does not warrant finding that the requested fees are unreasonable; and (7) the requested

attorney's fees are reasonable under the circumstances. *See Sabourin v. Colvin,* 2014 WL 3949506, at *1–2 (N.D. Tex. Aug. 12, 2014) (approving fee request where de facto hourly rate was $1,245.55) (Lynn, J.); *Eric B. v. Comm'r of Soc. Sec.,* 2019 WL 7546622, at *2 (N.D. Tex. Dec. 18, 2019) (Toliver, J.) (finding hourly rate of $937.50 reasonable), *adopted by* 2020 WL 109856 (N.D. Tex. Jan. 8, 2020) (Fish, J.).

## Recommendation

For the foregoing reasons, the District Judge should GRANT the Notice of Motion and Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 27) and award Ida M. Comerford $35,417.68 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. § 406(b). The District Judge should further order counsel to promptly return to Plaintiff the EAJA fee of $8,325.22.

**SO RECOMMENDED.**

October 27, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).